## BEN LANGLEY v. STATE.

No. A-8078. Aug. 28, 1931.
Rehearing Denied Sept. 12, 1931.
(2 Pac. [2d] 604.)

Darnell & LaRue, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county of the unlawful transportation of intoxicating liquor, and his punishment fixed by the court at a fine of $100 and imprisonment in the county jail for thirty days.

The evidence of the state was that J. W. Cooke, a deputy sheriff and policeman in the town of Clinton, observed the defendant and Arthur Jones, a porter at the Hawks Hotel, in conversation; that this officer concealed himself in the alley in the rear of the hotel; that in about fifteen minutes defendant drove into the alley in his car and got out and went into the hotel, carrying a package under his coat; that he went upstairs to the public toilet on the second floor; that the officer was following immediately behind him, but unseen by the defendant; that the porter opened the toilet door and defendant took from under his coat the package and set it down on the floor of the toilet; that the officer could see that it was whisky, and took it up from the floor and arrested the defendant; that the package contained a half gallon of whisky. The whisky was identified and introduced in evidence.

Arthur Jones, the porter, testifying for the state, admitted talking to the defendant, and that defendant went to the toilet with a package under his coat, but denied he knew it was whisky.

Defendant, testifying for himself, admitted the possession and transportation of the whisky, but claimed the officer took it from his person and from under his coat, without his consent and without waiting for him to set it down in the toilet.

The defendant raises but one question, and that is the admissibility of this evidence.

There is a conflict in the evidence. This was for the jury. The defendant having admitted the possession and transportation of the liquor, as testified to by the officer, the jury were justified in disbelieving his explanation of

what occurred in the toilet and believing that of the officer.

The evidence of the state shows that the liquor was obtained in a public place, in the presence of the defendant, after the officer had seen defendant deposit it upon the floor of the toilet. No search warrant or warrant of arrest was necessary in that kind of a case.

For the reasons stated, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.